## BENT *vs.* SMITH and REID.

The direct responsive answer of a defendant as to a fact within his own knowledge, must prevail, unless overcome by more evidence than the oath of one witness.

The hearing of this cause was upon bill, answer, and proofs.

*Mr. Gilchrist,* attorney-general, for complainants.

*Mr. I. W. Scudder,* for defendants.

THE CHANCELLOR.

The object of the suit is to have the defendant, Smith, declared a trustee for the complainants, of certain property at Fort Lee, in Bergen county, and to compel him to convey to to them. The complainants are the heirs-at-law of Richard Bent, deceased. P. Westervelt, in 1848, agreed in writing with Richard Bent, to convey the property to him for $3500, at or before the end of seven years, and that Bent, in the mean time, should occupy it for the annual rent of $232.80, payable half yearly. This contract, and all his interest in the land, Bent, in August, 1849, assigned to the defendant, Smith, who was the son-in-law of Mrs. Bent; the consideration of the assignment was $5. At the same time, Smith leased the property to Bent for one year, at the rent of $240. Bent had, in the mean time, erected an addition to the house, at a cost of about $700.

The complainants allege that at the time of the execution of this assignment, Smith executed and delivered to Bent a writing which is now lost, declaring that the assignment was given in trust for Bent and his family, and agreeing to reassign to him, his heirs or representatives, upon request. Bent died in January, 1851. Smith paid Westervelt $3500, and received a conveyance for the property, in 1852. Smith, in

his answer, denies that the assignment to him was in trust in any way whatever, and denies that he ever executed any writing declaring such trust, and denies that the contract at that time was of any value, or that the property was worth more than the price to be paid for it, and the rent stipulated.

The whole question between the parties is as to the fact of the trust, or rather, the existence of the writing by which it was declared. For, by the statute of frauds, no trust can arise unless it be declared by writing, signed by the party. The execution or existence of such writing is fully and directly denied by Smith, in his answer responsive to the bill, which charges it, and founds the title to relief upon it.

The complainants produce but one witness who testifies as to the execution or existence of that paper ; he deposes that he drew it, saw it executed, and signed it as a subscribing witness, and that he made the copy which he produces from the original, shortly after it was made. The loss of the original, if it ever existed, is sufficiently shown ; but no other evidence is given to show that such paper was ever executed, or in any way to support the testimony of this witness. All the complainants claim from the other evidence offered is, that it makes it probable there was some understanding that this assignment was in trust ; none to show that there was a written declaration of that trust. The rule in this court is too clear to admit of a question or doubt. The direct responsive answer of a defendant, as to a fact within his own knowledge, must prevail, unless overcome by more evidence than the oath of one witness.

The complainants' bill must be dismissed.